■ In the Matter of LYNN-DELL ESTATES, INC., Respondent, v. ROBERT P. SLOCUM et al., Constituting the Town Board of the Town of Stony Point, et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act to compel the issuance of a building permit, the town officials of the Town of Stony Point appeal from an order of the Supreme Court, Rockland County, entered November 30, 1961, which directed that the permit be issued forthwith and which declared that "the zoning ordinance now in effect shall not apply to prevent petitioner's erection of the improvements in accordance with the building permit to be issued." Order reversed on the law and proceeding remitted to the Special Term for determination after a hearing, with costs to abide the event. Triable issues of fact are raised by the pleadings and accompanying papers. Such issues should be determined after a hearing (Civ. Prac. Act, § 1295). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of the Estate of GEORGE MACDONALD, Deceased. CHASE MANHATTAN BANK, as Executor, of GEORGE MACDONALD, Deceased, Appellant; MAURICE J. GIAIMO, as Special Guardian for GEORGE M. MACDONALD, an Infant, Respondent.— In a proceeding to probate the decedent's last will and testament, the executor appeals from so much of a decree of the Surrogate's Court, Queens County, made and entered December 7, 1961, admitting the will to probate, as allowed $15,000 to the special guardian for his services on behalf of an infant beneficiary. Decree modified on the facts by reducing to $3,500 the allowance to the special guardian. As so modified, the decree, insofar as appealed from, is affirmed, without costs. The special guardian was appointed on November 30, 1961. He concluded his services one week later, on December 7, 1961, when the decree was signed. In view of the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved and the results achieved, the allowance to the special guardian should be reduced to $3,500. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.